STATE, Respondent, vs. BLANKENSHIP, Appellant.

*December 11, 1942—January 12, 1943.*

*William F. Krueger* of Wausau, for the appellant.

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz.*

FOWLER, J.   The defendant was charged in the information with manslaughter in the first degree by killing two persons without intending to effect death through his culpable negligence while engaged in the perpetration of a misdemeanor under circumstances such as to constitute murder at common law.   The two persons referred to in the information were killed while the defendant was driving an automobile on the highway, and the misdemeanor referred to was the reckless driving of the automobile.   The information did not charge a previous conviction.   The court sentenced the defendant under our repeater statute, sec. 359.12, Wis. Stats., to imprisonment in the state's prison for not less than five or more than fifteen years, whereas the maximum penalty for manslaughter, first degree, is only ten years.   Secs. 340.10 and 340.13, Wis. Stats.

When the defendant was brought before the court for arraignment, the district attorney, after reading the information to him, and before the defendant was called upon to plead, further orally informed the court that the defendant was convicted of the crime of "breaking and entering" by a court of competent jurisdiction in West Virginia and sentenced to a term in the West Virginia state reformatory in 1937 and released in 1938. The court then stated:

"You have heard the information read to you here, and also the statement with reference to a former conviction in West Virginia. Are you guilty or not guilty?"

Defendant's attorney then said:

"We will enter a plea of guilty to the charge contained in the written information."

On the court's asking the defendant why sentence should not be pronounced upon him forthwith, his attorney said that he would like to present some things to the court, the court acquiesced and the defendant was sworn and testified. In reply to questions put to him by his attorney he stated among other things that when seventeen years old he was convicted of "breaking and entering" by a juvenile court and sentenced to "an institution" in West Virginia that received inmates from ten to eighteen years of age. On cross-examination he stated that he pleaded guilty in West Virginia "to breaking and entering a company store." On being asked if the plea was entered in the circuit court, he stated it was in the juvenile court.

The only question raised is whether the court should have applied the repeater statute under the circumstances of the case. This statute reads:

"*Sentence of a person previously convicted.* When any person is convicted of any offense punishable only by imprisonment in the state prison and it is alleged in the indictment or information therefor and proved or admitted on the trial or

ascertained by the court after conviction that he had been before sentenced to punishment by imprisonment in any state prison, or state reformatory, by any court of this state, or any other state or of the United States, and that such sentence remains of record unreversed, whether pardoned therefor or not, he may be punished by imprisonment in the state prison not less than the shortest time fixed for such offense and not more than twenty-five years."

It is manifest from the reading of the above statute that if the prior conviction of the defendant had been by a Wisconsin court the defendant would have had to be sentenced to the "state's prison" or to the state reformatory to bring the repeater statute into operation. The statute by its terms makes the kind of institution to which the defendant was sentenced upon the prior conviction the basis of the application of the statute in case of a Wisconsin prior conviction and we consider that the same basis should be applied when the prior conviction was in another state. Thus, to make the statute applicable in case of a prior conviction, the institution in the other state to which the defendant was sentenced, must have been of the same general class as the Wisconsin institutions named in the statute.

The certified copy of the record of the West Virginia court that sentenced the defendant shows that the conviction was in the circuit court for Wyoming county, West Virginia, that the defendant "confessed to a felony for burglary" and that he was sentenced to "the reform school, at Pruntytown, until he is twenty-one years of age."

Reference to the West Virginia statutes, of which by sec. 328.01, Wis. Stats., we take judicial notice, shows that the "reform school at Pruntytown" is a state institution "exclusively charged with the care, training, and reformation of white male youths of the state committed to its custody;" that the name of it is "The West Virginia Industrial School for Boys," (*Id.*), and that to it are committed white male youths

between the ages of ten and eighteen years by courts of record, any·such youth convicted of "a felony or a misdemeanor punishable by imprisonment," and that the commitment thereto of any such youth shall be "until he shall have attained the age of twenty-one years, unless sooner discharged or paroled." Secs. 2697, 2698, 2699, West Virginia Code 1937. The circuit courts of West Virginia are courts of record. Sec. 5196, *Id*.

From the above it appears that the Pruntytown reform school "is not of the grade of the Wisconsin 'state's prison' or 'state reformatory,'" but is an institution of the grade of the Wisconsin industrial school for boys. See secs. 53.01, 54.02, 48.15, Wis. Stats. A boy under eighteen "convicted of a criminal offense" may be sentenced to the industrial school for boys, and the sentence to that institution "shall be to the age of twenty-one years or until paroled." One so sentenced would not upon a subsequent conviction be subject to sentence under the repeater statute. Under the rule above announced, that in case of a prior conviction in another state the grade of the institution to which defendant was committed in that state governs applications of the repeater statute, the sentence of the defendant was erroneous. It follows that sentence is reversed, and the record is remanded with direction to vacate the sentence imposed and resentence the defendant under the statute fixing the penalty on conviction of manslaughter in the first degree.

*By the Court.*—The sentence of the circuit court is reversed, and the cause is remanded with direction for further proceedings in accordance with the opinion. The warden of the state's prison is directed to surrender the defendant to the sheriff of Marathon county to be held and taken before the court for resentence.

BARLOW, J., took no part.