STATE, Respondent, vs. JARDINE, Appellant.

*December 11, 1942—January 12, 1943.*

*William F. Krueger* of Wausau, for the appellant.

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz.*

FOWLER, J.   The defendant Jardine pleaded guilty to the offense of accessory before the fact to the offense of manslaughter in the first degree which consists of killing a person

without intending to effect death while committing a misdemeanor under circumstances such as to constitute murder at common law. Secs. 340.10 and 353.05, Wis. Stats. The killing to which the defendant was accessory is that for which Fred W. Blankenship, whose case is decided herewith, *ante,* p. 195, 7 N. W. (2d) 424, was sentenced as principal. The misdemeanor Blankenship was committing was recklessly driving an automobile on the highway. Jardine was in the automobile with Blankenship. Upon arraignment the information which did not allege a prior conviction was read to the defendant and he pleaded guilty. The trial judge then asked the district attorney if he wished to say something, and the district attorney informed the court that the defendant had been previously convicted of petty larceny in the state of New York and placed on probation for three years and that the probation was subsequently revoked and the defendant placed in the New York City reformatory and released therefrom on March 4, 1941. It was conceded that the New York City reformatory is operated by the city of New York. The court asked defendant's attorney if he questioned whether the defendant had been sentenced to a state reformatory and the attorney stated that the New York City reformatory is not a "state reformatory." A telegram from New York attorneys was then received in evidence by stipulation stating in reference to the prior conviction: "No specific statute or ordinance. New York City institution. Misdemeanants only. Ages sixteen to thirty. Generally young first offenders. Discretionary with local courts as to place of detention." The defendant's attorney then informed the court that the defendant was eighteen years of age at the time of his prior conviction. Thereupon the court sentenced the defendant under the repeater statute to imprisonment in the state's prison for not less than five or more than fifteen years. The penalty for the offense of accessory before the fact is the same as for the prin-

cipal offense and the maximum for the principal offense involved is ten years in the state's prison. Secs. 353.05, 340.13, and 340.10, Wis. Stats.

Here, as in the *Blankenship Case, supra,* the only question involved is whether the application of the repeater statute, sec. 359.12, Wis. Stats., was erroneous.

Defendant's counsel contends that as the New York City reformatory, to a branch of which the defendant was sentenced, is a New York City institution, it therefore cannot be a state reformatory. We held in *State v. Clementi,* 224 Wis. 145, 154, 272 N. W. 29, that because the Milwaukee house of correction, which is operated by the city of Milwaukee, was used by the federal courts as an institution to which to sentence persons convicted of federal crimes, it was a state reformatory within the meaning of the repeater statute. By the same token the New York City reformatory is a state reformatory, because the criminal courts of the state of New York located in the city of New York use it as an institution to which to commit persons convicted of violation of state criminal statutes. See sec. 126, Inferior Criminal Courts Act (1939) of the city of New York, p. 694-a, Gilbert's Anno. Criminal Code & Penal Law.

However, in the *Blankenship Case, supra,* we hold that to render the repeater statute applicable, under which five years of imprisonment in the state's prison in addition to the maximum permissible under the manslaughter in the first degree statute was imposed upon the defendant, the institution to which the defendant was sentenced upon his prior conviction must have been of the same general class as our own state reformatory. The New York criminal courts located in the city of New York sentence to the New York City reformatory male persons between the ages of eighteen and thirty years convicted for the first time of offenses "other than felonies." The maximum term of imprisonment is three years. Gilbert's Anno. Criminal Code & Penal Law, p. 694-a. Petit larceny,

defined as any larceny less than grand of first and second degree, of which the defendant was convicted when sent to the New York City reformatory, is a misdemeanor. *Id.* secs. 1299, 1295, 1296, 1297. We consider that a reformatory commitment to which only misdemeanants are committed until paroled and not to exceed three years, is not of the same general class as our state reformatory, to which persons between sixteen and twenty-five convicted of any felony but murder in the first degree may be committed. Sec. 54.02, Wis. Stats. It is true that misdemeanants punishable by imprisonment in a county jail or house of correction for a year or more may also be committed to the state reformatory, and that persons committed to the reformatory of the city of New York may be held in prison for three years, as above stated. But the conviction to the city reformatory is until paroled, not exceeding three years, while persons of the age stated convicted of rape, the sentence for which may be thirty years, may be sentenced to the Wisconsin state reformatory. Sec. 340.46, Wis. Stats.

It follows that the judgment appealed from should be reversed, with directions to the court to vacate it and resentence the defendant and limit the penalty as prescribed by the statutes for manslaughter in the first degree.

*By the Court.*—The sentence of the circuit court is reversed, and the cause remanded with direction to vacate the sentence and resentence the defendant and limit the penalty as prescribed by the statutes for manslaughter in the first degree. The warden of the state's prison is directed to surrender the defendant to the sheriff of Marathon county to be held and taken before the court for resentence.

BARLOW, J., took no part.